IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIA NEVEZI,

        Plaintiff,                     No. CIV S-08-2837 KJM PS

      vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.               <u>ORDER</u>

_____/

        Plaintiff, proceeding pro se, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") finding plaintiff did not continue to be disabled for purposes of receiving Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

I. <u>Factual and Procedural Background</u>

        In a decision dated, the ALJ determined plaintiff was no longer entitled to disability benefits because she earned income of $9,335.00 per month beginning September

1

2003.[1] Administrative Transcript ("AT") 18, 26. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff contends substantial evidence does not support the ALJ's decision.

II. <u>Standard of Review</u>

When previously granted benefits are terminated by the Commissioner, the burden of proof ordinarily shifts. Rather than resting on a current recipient of disability benefits to prove that he or she is disabled, the burden rests on the Commissioner to prove that the applicant is no longer disabled. "Once a claimant has been found to be disabled, . . .a presumption of continuing disability arises in [his] favor[, and the Commissioner] bears the burden of producing evidence sufficient to rebut this presumption of continuing disability." <u>Bellamy v. Secretary of Health & Human Serv.</u>, 755 F. 2d 1380, 1381 (9th Cir. 1985); <u>see</u> <u>also</u> <u>Saltzman v. Apfel</u>, 125 F.Supp.2d 1014 (C.D. Cal. 2000) (same). This evidence then is reviewed under the substantial evidence standard. <u>Saltzman</u>, 125 F.Supp.2d at 1019 (citing <u>Murray v. Heckler</u>, 722 F.2d 499, 500 (9th Cir. 1983)).

Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. <u>Saelee v. Chater</u>, 94 F.3d 520, 521 (9th Cir. 1996) (citing <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting <u>Consolidated Edison Co. v. N.L.R.B.</u>, 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, <u>Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts

---

[1] Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. § 1382c(a)(3)(A).
   Plaintiff's disability benefits were terminated pursuant to a continuing disability review (CDR). This type of review is routinely conducted by the Commissioner to determine whether an individual is still disabled. An eight-step sequential process is used in the CDR. 20 C.F.R. § 416.994(f).

from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III.  Analysis

In this case, the sequential process ended at the first step because it was determined that plaintiff had engaged in substantial gainful activity beginning September 2003. AT 18; see 20 C.F.R. §§ 416.972 (Table 1), 416.994(f)(1).  As a result, plaintiff became ineligible for SSI beginning April 1, 2004.  AT 18, 146.  Plaintiff contends substantial evidence does not support the ALJ's finding that plaintiff earned income as a board and care provider.

Specifically, plaintiff contends the ALJ erroneously attributed her daughter's earnings to plaintiff because she and her daughter share the same name.  In finding that the earnings should be attributed to plaintiff, the ALJ acknowledged that some of the evidence was circumstantial but found the following evidence, in combination, strong and persuasive: the statements of Mr. Sava, who placed residents at the board and care facility at issue; the statements of plaintiff's past care provider, who said she had quit giving care to plaintiff because she did not need assistance; the investigators' observations; and the records of In-Home-Support-Services (IHSS).  AT 24, 25.  This finding is supported by substantial evidence.  AT 66, 80, 85, 111-114, 143, 163, 177, 200-209, 211-216, 219-222.  The ALJ provided proper reasons for discrediting plaintiff and her daughter, noting several inconsistencies in the record with respect to plaintiff's ability to work, reports by a third party of plaintiff's engaging in fraud, and deceptive behavior regarding gambling, driving, and ability to speak English.  AT 20, 24, 111, 143, 152,

1  177, 201-202, 204, 219.  The reasons stated are sufficient to support the credibility finding.  See

2  Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991).

3         The ALJ's decision is fully supported by substantial evidence in the record and

4  based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

5         1.  Plaintiff's motion for summary judgment or remand is denied, and

6         2.  The Commissioner's cross-motion for summary judgment is granted.

7  DATED:  March 28, 2010.

_____

U.S. MAGISTRATE JUDGE

26  nevezi.ss